IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RIGOBERTO ALVAREZ, JOSE MAURICIO CERNA, and JOSE URRUTIA Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**XST CORPORATION d/b/a NEW HYDE PARK DINER, and XENIS THOMA, Jointly and Severally,**<br><br>**Defendants.** | 20 Civ. 5605 (WFK) (TAM) |

**AFFIDAVIT OF BRENT E. PELTON IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF FLSA SETTLEMENT**

I, Brent E. Pelton, declare as follows:

1. I am an attorney admitted before this Court. I am a member of the firm of Pelton Graham LLC ("Pelton Graham") in New York, New York, Plaintiffs' Counsel herein.

2. I am one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims against Defendants in the following action: *Alvarez et al v. XST Corporation. et al.,* Civil Action No. 20-cv-05605 (WFK)(TAM) (hereinafter referred to as the "Action").

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**The Settlement Agreement**

4. After several settlement discussions with Defendants' counsel, Plaintiffs' review of documentary evidence exchanged by Defendants, and discussions with Plaintiffs regarding the contents of the same, at mediation the Parties agreed to reach a settlement of Plaintiffs' claims for

the total amount of $90,000.00, to be paid within two (2) months, or sixty (60) days, from the Court's Approval of the annexed Settlement Agreement (the "Settlement Agreement"), attached hereto as **Exhibit A**.

5. The Settlement Agreement constitutes the final agreement terms agreed to upon the Parties, and there are no other agreements or settlements to resolve the claims of any of the Plaintiffs in this Action, including agreements as to attorneys' fees or any other payments.

**Plaintiffs' Damages Computation**

6. In furtherance of the Parties' settlement negotiations, my office calculated Plaintiffs' estimated damages based in large part on Plaintiffs' best recollection of the hours they worked, the wages they received, but which also incorporated certain information obtained from Defendants' records for those years for which records were provided. Defendants exchanged records including personnel files, payroll summaries, and time sheets but for the most part begin in 2018, despite the fact that Plaintiffs Cerna and Urrutia each worked for Defendants prior to the beginning of the statutory period for this Action. Defendants' records for both individuals begin in 2018, except for one (1) week of payroll summaries in June 2013. Plaintiff Alvarez began working for Defendants in June 2018, but Defendants have produced records for Alvarez only for portions of 2019. As such, Plaintiffs believe that the calculations were reasonable and modest, given that Defendants have not provided records for the initial three (3) years of the NYLL statutory period.

7. In total, Plaintiffs' damages analysis calculated $340,876.00 in unpaid wage damages, which amount includes $4,040.00 in retained tips for Alvarez, $75,039.76 in unpaid minimum wages, $48,406.16 in unpaid overtime premiums, $8,485.84 in unpaid spread of hours premiums (for a total of "$135,971.76 in "actual" unpaid wage damages), $131,931.76 in liquidated damages, $30,000.00 in statutory wage notice and wage statement damages, and

$42,972.49 in pre-judgement interest on Plaintiffs' NYLL claims. A copy of the damages computation spreadsheet is attached hereto as **Exhibit B**.

8. Plaintiffs have computed the damages by calculating the differential between the statutory minimum wage to which Plaintiffs were entitled to receive and the effective hourly rates that they were paid. Likewise, Plaintiffs' approximate overtime wages owed were calculated by multiplying Plaintiffs' overtime premiums (0.5 times the statutory minimum wage rate(s)) and multiplying these rates by the average number of hours each Plaintiff claims to have worked over forty (40) per week. Since Alvarez was paid a flat weekly salary, Plaintiffs have calculated his minimum wage damages by calculating the differential between the statutory minimum wages to which he was entitled to receive and the effective hourly rates he was paid (obtained after dividing his weekly salary rates as listed in the Complaint by the average number of hours he worked), and likewise for his overtime wage damages. Plaintiffs have also accounted for spread-of-hours damages for those portions of their employment period in which they worked split-shifts or shifts in excess of ten (10) hours, as well as for an average number of off-the-clock hours worked by Plaintiffs, specifically attributable to automatically-deducted breaks which were not taken and hours they were instructed to work after they clocked-in/out, which was also calculated at the statutory rate.

**Plaintiffs' Counsel's Fees and Costs**

9. To date, our firm's efforts in litigating and settling this action have been without compensation.

10. Plaintiffs agreed upon retaining Pelton Graham LLC to attorneys' fees of up to one-third (1/3) of the total settlement amount and reimbursement for costs, and accepted the Settlement Agreement Amount with the understanding that this balance includes attorney's fees and costs.

11. I am a partner with Pelton Graham LLC. I graduated from Northwestern School of Law at Lewis and Clark College and has approximately sixteen (16) years of experience practicing within the Southern and Eastern districts of New York and the New York State court system, and significant experience litigating Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits, including serving as lead counsel on two (2) multi-plaintiff federal wage and hour jury trials. I am a member of NELA and NELA's New York Chapter. I was nominated as a Super Lawyer – Rising Star for the New York Metro area in the practice area of Employment Litigation in 2013 and a Super Lawyer for the New York Metro area in 2014 through 2020. I am frequently contacted by the media and the press to discuss current employment law related issues, and have served as a panelist on several CLE seminars on the topic of employment litigation. I am also admitted to practice in the State of California. My hourly billable rate is $450.00.

12. Taylor B. Graham, Esq., a Partner at Pelton Graham, has been with the firm since May 2009. Mr. Graham received a J.D. from Fordham University School of Law in 2011, where he was an Irving R. Kaufman Scholarship recipient and earned the Archibald R. Murray Public Service Award. Mr. Graham has been nominated as a Super Lawyer – Rising Star for the New York Metro Area in the area of Employment Litigation for 2016 through 2020 and am a member of the NELA, NELA's New York Chapter, CELA, and the American Bar Association Labor and Employment Law Section. He has substantial federal wage and hour multi-plaintiff trial and appellate experience, and is admitted to practice in the States of New York, New Jersey, and California, and the Southern, Eastern, Western, and Northern Districts of New York. Mr. Graham's hourly billable rate is $350.00.

13. Joanne M. Albertsen is an associate with Pelton Graham who has worked for the firm since August 2013. Ms. Albertsen graduated from New York University School of Law in 2010 and is admitted to practice in the State of New York, the Eastern and Southern Districts of

New York. Ms. Albertsen clerked for two federal magistrate judges in New York after law school before joining Pelton Graham. Ms. Albertsen was nominated as a Super Lawyer – Rising Star for every year since 2016 for the New York Metro Area in the practice area of Employment Litigation Ms. Albertsen is also admitted to practice in the State of Oregon. Ms. Albertsen's hourly billable rate is $300.

14. Katherine Menjivar is a graduate of Brooklyn Law School. In total, Ms. Menjivar has over five (5) years' experience working as a paralegal. Ms. Menjivar is fluent in Spanish and English. Ms. Menjivar's hourly rate was $175.00 during the pendency of this litigation.

15. Pelton Graham routinely litigates against a number of the largest and best capitalized employment defense firms in the nation and relies on a small number of resolutions to continue to represent primarily low-income individuals in employment rights litigation.

16. Based on our firm's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm conclusion that the proposed Settlement is clearly in the best interests of the Parties given the risks associated with continued litigation and the disputes amongst the Parties as to Plaintiffs' claims and Defendants' liability.

17. To date, we have spent approximately 76 hours in prosecuting and settling this matter and we anticipate expending more time after the date of this affidavit in administering the settlement approval and payout process.

18. The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in this case. A copy of Pelton Graham's contemporaneous time records for this matter are attached hereto as **Exhibit C** and a copy of Pelton Graham's record of litigation costs, including invoices for service of process, is attached as **Exhibit D**.

I declare under penalty of perjury, under 28 U.S.C.§1746, that the foregoing is true and correct.

Executed this 6th day of August, 2021.
New York, New York

                                          */s/ Brent E. Pelton*
                                          Brent E. Pelton

                                          **PELTON GRAHAM LLC**
                                          111 Broadway, Suite 1503
                                          New York, NY 10006
                                          Telephone: (212) 385-9700
                                          Facsimile: (212) 385-0800
                                          Email: pelton@peltongraham.com

                                          *Attorneys for Plaintiffs*